IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN F. ANAYA, 70503-079, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01264-DWD |
| | ) |
| WARDEN, FCI GREENVILLE, | ) |
| | ) |
| Respondent. | ) |

## ORDER OF DISMISSAL

**DUGAN, District Judge:**

This case was opened in the United States District Court for the Eastern District of Texas after Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 2) on May 12, 2022. Petitioner did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*, *i.e.*, without prepaying fees or costs. After this case was transferred from the Eastern District of Texas, this Court, on June 14, 2022, entered a Notice and Order (Doc. 6), informing Petitioner that his Petition for Writ of Habeas Corpus was received and that he must pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* within 30 days. A form motion and affidavit to proceed in the District Court without prepaying fees or costs was sent to Petitioner. The Court advised Petitioner that the failure to pay the filing fee or to submit a motion for leave to proceed *in forma pauperis* within the 30-day deadline would result in a dismissal, without prejudice, for failure to prosecute under Federal Rule of Civil Procedure 41(b) and *Sperow v. Melvin*, 153 F.3d 780,

781 (7th Cir. 1998). Further, the Court ordered Petitioner to notify the Court of a changed address, within seven days of the change, by filing a Notice of Change of Address.

To date, Petitioner has failed to either pay the filing fee or to file a motion for leave to proceed *in forma pauperis*. As a matter of fact, there have been no communications received from Petitioner since his Petition for Writ of Habeas Corpus was transferred to this Court. Notably, as a courtesy when entering the Notice and Order, the Court determined Petitioner was located at Federal Correctional Institution Talladega, Alabama, and sent the Notice and Order to Petitioner at that location. The Notice and Order was not returned, so the Court presumes Petitioner received the Notice and Order. At the present time, the Federal Bureau of Prisons indicates Petitioner is currently located in San Antonio, Texas. At no time has Petitioner updated his address. Therefore, the Petition for Writ of Habeas Corpus is dismissed, without prejudice, due to Petitioner's failure to comply with the Court's Notice and Order (Doc. 6), failure to prosecute, and failure to update his address with the Court. *See* Fed. R. Civ. P. 41(b); *Sperow*, 153 F.3d at 781; *accord Winfrey-Bey v. Burle*, No. 21-889, 2021 WL 4593833, *2 (S.D. Ill. Oct. 6, 2021); *see also Lavite v. Reichart*, 19-953, 2020 WL 4596948, *1-2 (S.D. Ill. Aug. 11, 2020) (dismissing action where the plaintiff failed to comply with orders to update his address, respond to an order to show cause, and prosecute his claim). The Clerk is **DIRECTED** to close the case, send a copy of this Order of Dismissal to Petitioner in San Antonio, Texas, and to update Petitioner's address as a one-time courtesy.

**IT IS SO ORDERED.**

DATED:  August 23, 2022

**DAVID W. DUGAN**
**United States District Judge**